In the Matter of the Claim of WILLIAM ROBINSON, Respondent, against PITKIN MOVING VAN CO., INC., and (AMERICAN) LUMBERMEN'S MUTUAL CASUALTY COMPANY OF ILLINOIS, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant, employed by a furniture mover, was injured while carrying a dresser. His heel was caught and a dresser fell upon his left leg tearing certain of the muscles and attachments in the vicinity of the left knee. The award was made for permanent partial disability. The employer and carrier appeal, asserting that a schedule award for loss of use of a percentage of the leg should be made rather than on account of reduced earnings. The evidence sustains the finding for the reason that the lesion has not healed and is still the cause of pain which affects claimant's general earning capacity. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of the Claim of LOUISA TRANI, Appellant, against THE JARKA CORPORATION, Respondent. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal taken by the widow of an employee of the respondent, a self-insurer, from the decision of the State Industrial Board filed and noticed October 28, 1936, disallowing a claim for death benefits. A question of fact is presented by the record in this case, upon which question evidence was given both ways. This court cannot disturb the findings of the State Industrial Board upon a question of fact supported by evidence. Decision unanimously affirmed. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of the Claim of MARION GILMARTIN, Respondent, against ELECTRIC FERRIES, INC., and ÆTNA LIFE INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the employer and insurance carrier from an award of death benefits made by the State Industrial Board to the widow and minor daughter of the deceased employee pursuant to the provisions of the Workmen's Compensation Law. The sole point made by the appellants is that the New York State Industrial Board was without jurisdiction because the accident which resulted in the employee's death occurred in the State of New Jersey. The employer, a New Jersey corporation operating ferries between New York city and Weehawken, had its principal office in New York city and the business was largely transacted from the New York office. The deceased was originally employed as an extra deckhand and bridgeman and worked on bridges and docks maintained by the employer in both States. He had been hired in New Jersey and his time was kept in New Jersey but the payroll was made up at the executive offices in New York city. The State Industrial Board found that the employment was located in the State of New York and that the work which deceased was performing at the time of the accident was related to and incidental to this employment. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.